UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONTINENTAL INDEMNITY COMPANY,

                             Plaintiff,

                    -against-

TIMOTHY COFFEY NURSERY/LANDSCAPE,
INC., TIMOTHY COFFEY, ANN AMIAGA, and
ISAAC ORELLANA,

                           Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**
2:21-CV-0853 (JS) (JMW)

**APPEARANCES:**

Steven M. Rosato, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
*Attorney for Plaintiff*

Jack S. Dweck, Esq.
The Dweck Law Firm, LLP
10 Rockefeller Plaza
New York, New York 10020
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

> *"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, . . .American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit."[1]*

This action, commenced on February 17, 2021, arises out of allegations of fraudulent inducement, fraud, breach of contract, and unjust enrichment.  The parties appeared for two settlement conferences before the undersigned and successfully achieved an agreement to resolve the matter in its entirety.

---

[1] *Nixon v. Warner Commc'ns. Inc.,* 435 U.S. 589, 597 (1978).

(Electronic Order dated Nov. 16, 2021; Electronic Order dated Dec. 16, 2021.)  Before the Court is Defendants' unopposed motion "to seal the entire record of this case."  (DE 35 and 36[2].)  For the reasons that follow, the motion to seal is denied.

## FACTUAL BACKGROUND

The circumstances giving rise to Plaintiff's claims are an unfortunate series of events that arose out of a single tragic accident.

Defendant Timothy Coffey is the owner, founder and president of Defendant Coffey Nursery/Landscape ("Coffey Landscape") and Defendant Ann Amiaga is Coffey Landscape's office manager.  (DE 1; DE 15.)  Defendant Isaac Orellana was performing tree trimming and tree removal services for Coffey Landscape when a branch fell on him, causing paralysis of his lower extremities.  (DE 1.)  Plaintiff alleges that leading up to and including the date of the accident, Defendants had not disclosed Defendant Orellana as an employee in the weekly payroll reports submitted to Plaintiff, nor did Defendants pay premiums for Defendant Orellana.  (*Id.*)  Plaintiff further alleges that a week after the accident, Defendants submitted a payroll report stating that Defendant Orellana was hired two days before the accident, when in reality he had been working for the company for 25 years and was paid in cash. (*Id.*)  Based on this alleged materially false representation, Defendants submitted a claim to Plaintiff for workers' compensation insurance coverage for the accident.  (*Id.*)  Plaintiff also asserts that in order to escape paying a higher premium, Defendants did not disclose that Coffey Landscaping performed tree removal services in addition to landscaping services.  (*Id.*)

Issue was joined by Defendants' answer, which denies all material allegations of the complaint and asserts thirteen affirmative defenses.  (DE 15.)

On June 24, 2021, the Hon. Joanna Seybert held a status conference, at which time she set a briefing schedule on Plaintiff's anticipated motion to strike certain defenses (DE 16) and "directed [the

---

[2] The motion appears on the docket as one also for "sanctions" (*see* DE 36), an apparent mischaracterization of the actual filing.  No application for or even mention of sanctions appears anywhere within the motion papers.

parties] to confer and discuss the potential of settling this matter short of trial. If the parties agree that settlement negotiations will not be fruitful, plaintiff may proceed with their motion based upon the above briefing schedule." (DE 27.)  A settlement conference was thereafter scheduled before the undersigned. (DE 33.) The court held two confidential settlement conferences before depositions were held. (Electronic Order dated Nov. 16, 2021; Electronic Order dated Dec. 16, 2021), and the case successfully settled on December 16, 2021.

Now, almost a year after the action was commenced, Defendants move "to seal the entire record of this case."  (DE 36.)  Plaintiff has taken no position on this application.  Notwithstanding that the motion is uncontested, the court is obligated to consider whether public access to the court records should be denied.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 136 (2d. Cir. 2016) (affirming district court's denial of motion to seal after applying balancing test for the common-law right of access, despite parties' joint application for sealing).

Notably, the public docket does not include any discovery exchanged between the parties, and the parties entered into a stipulation and order of confidentiality "so ordered" by the court that governed their discovery disclosures.  (DE 26.)  Aside from general scheduling Orders and conference dates, the substantive docket consists of pleadings:  Plaintiff's Complaint (DE 1), Defendants' Answer (DE 15), Plaintiff's motion to strike affirmative defenses (DE 16), and Defendants' opposition (DE 17).  The only document attached to any of those items is a copy of the subject workers' compensation policy.  (DE 1-1.) There are no medical or personal records contained within any of the subject documents.

Defendants argue that the Complaint and other records filed contain personal and sensitive information including confidential business practices, medical information, statements regarding Defendants' character and integrity, financial information that would affect Defendant Coffey's credit, and statements about business practices that would impair the business's survival.  *See Jack S. Dweck* Decl. ¶¶ 3-4 (DE 36-2.)  Defendants further argue that statements within the pleadings, if disclosed, would be defamatory and constitute trade libel.  (*Id.*)  Plaintiff does not oppose the motion and Defendant points out that the settlement agreement includes an agreement between the parties to seal the file because

of the "sensitive and private statements disclosed as alleged in the Complaint and discovery responses." (DE 36-2; DE 36-3.)

## <u>DISCUSSION</u>

The public right of access is embedded in our Country's history.  Indeed, that concept existed well before the right appeared in our Constitution.  "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution.  That right includes 'a general right to inspect and copy' such judicial documents." *Mirlis v. Greer,* 952 F.3d 51, 58-59 (2d Cir. 2020) (internal citations omitted).

It is by now axiomatic that there is a presumption of public access to judicial documents and records.  *See Bernstein*, 814 F.3d at 139; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon,* 435 U.S. at 598.  Whether right of access to court proceedings and records is overcome, "depends on the nature of the proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021).

The Second Circuit has adopted a three-part analysis for determining whether litigation documents can be placed under seal.  *See Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010).  *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *See Saadeh v. Kagan*, No. 20-CV-1945 (PAE)(SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted).  *Second,* the Court must weigh the common law and constitutional presumption of access attached to the documents in question.  *See Saadeh*, 2021 WL 965334 at *2 (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See Saadeh*, 2021 WL 965334 at *2 (citing *Lugosch*, 435 F.3d. at 120).

4

Judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See United States v. Amodeo*, 71 44 F.3d 1044, 1049–50 (2d Cir. 1995). A complaint is an obvious example of a judicial document to which a strong presumption of access attaches because it assists the Court's exercise of Article III functions. *See Bernstein*, 814 F.3d at 140-41 (holding that a complaint should be afforded a presumption of accessibility despite the action's settlement on confidential terms).

The moving party seeking to seal bears the burden of showing that higher values outweigh the presumption of public access. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). "Privacy interests" *may*, under certain circumstances satisfy that higher burden. The Second Circuit articulated three factors that the courts must consider in making a sealing determination based on privacy interests. *Amodeo,* 71 44 F.3d at 1051. First, "courts should consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illness, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* Next, courts should consider "[t]he nature and degree of injury. . . . This will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Id.* Lastly, courts should consider the reliability of the information and err on the side of non-disclosure of unverified information. *Id.*

Conclusory assertions are simply not enough to overcome the First Amendment right of access. *In Re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Otherwise, every articulable privacy concern could and would be advanced in in a generalized way to seal civil case dockets. "A possibility of future adverse impact on employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *See Under Seal*, 273 F. Supp. 3d at 470 (quoting *Lugosch*, 435 F.3d at 120). A party's "[g]eneralized concern[s] of adverse publicity" and damage to reputation do not warrant sealing. *Bronx Conservatory of Music, Inc. v. Kwoka*, 21-CV-1732 (AT) (BCM), 2021 WL

2850632, at *3 (S.D.N.Y. July 8, 2021) (alterations in original) (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018).

Here, aside from the scheduling Orders on the public docket, the "entire record" consists of Plaintiff's Complaint, Defendants' Answer, Plaintiff's motion to strike affirmative defenses, and Defendants' opposition to plaintiff's motion to strike.  These are quintessential judicial documents.  Each is relevant to the performance of judicial function and would likely influence the court's ruling on a motion.  Thus, Defendants have the burden of overcoming the presumption of public access to these documents.

Defendants contend that the documents filed contain personal and sensitive information such as confidential business practices, statements regarding Defendants' character and integrity, and financial information that would affect Defendant Coffey's credit and impair the business's survival.  (DE 36-2.) Defendants cite to *In re Allergan PLC Securities Litigation*, No. 1:18-cv-12089 (CM) (GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020), where the court granted a portion of a motion to seal because the subject documents contained information about an algorithm that constituted a trade secret.  The subject documents here (including the one attachment – the workers' compensation insurance policy) are qualitatively different as they do not contain details as to Defendants' business practices or financial records, aside from allegations that Defendant Coffey Landscaping paid Defendant Orellana in cash.  This is not the type of competitive, proprietary information required to overcome the presumption of public access.  Moreover, Defendants' general concern that their business and reputation will be adversely affected are made in a conclusory fashion and do not satisfy their burden.

Defendants also rely on *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124 (10th Cir. 2011), another distinguishable case.[3]  There, the subject records contained personal and private medical information regarding plaintiff's minor son.  *Id.* at 1136-37.  Here, there are no medical records

---

[3] Defendants cite *Eugene* as a Second Circuit case, but it is actually a Tenth Circuit case.  Additionally, the 10th Circuit Local Rule cited on page 4 of Defendants' Memorandum of Law (DE 36-3) is not applicable and the Court does not consider it persuasive authority.

in any of the subject documents, let alone documents relating to a minor.  Defendants' reliance on *U.S. v. Aref*, 533 F.3d 72 (2d Cir. 2008) is also misplaced.  In *Aref*, the relevant documents consisted of classified information that required protection against unauthorized disclosure due to national security concerns.  *Id.* That, of course, raises far different and specific concerns not extant here.

Defendants' remaining arguments regarding defamation and trade libel are also unavailing.  Even if a pleading were to contain a libelous statement, that in and of itself would not provide a basis to sue for defamation, as statements made in filed pleadings are absolutely privileged.  *See D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 216-17 (E.D.N.Y. 2012) (finding that statements made during judicial proceedings, including libelous statements in a pleading, are absolutely privileged if considered material and pertinent to the litigation) (citations omitted).  In *Bernstein*, Defendants similarly argued that the complaint was unreliable and untruthful.  *Id.*, 814 F.3d 132, 143.  The Second Circuit agreed with the district court's reasoning, namely that complaints frequently contain exaggerated or fabricated allegations, which is the very nature of judicial proceedings.  *Id.*  The court found that sealing a complaint based on Defendants' logic "would create an untenable result – the sealing of all complaints in actions in which the plaintiff does not prevail…"  *Id.  See also Doscher v. Sobel & Co., LLC*, No. 14 CV 646(RMB) (GWG), 2014 WL 846773, at *3 (S.D.N.Y. Mar. 3, 2014) (finding that regardless of a complaint containing allegations of fraud for failure to disclose material information, the allegations along with the rest of the complaint were instrumental to the claim for relief, and thus the presumption in favor of public access was strong).  Moreover, "[t]he potential for a negative impact on a party's future business or social status does not outweigh the presumption of access."  *Saadeh*, 2021 WL 965334, at *2; *see also Badinelli v. Tuxedo Club*, 15 CV 6273 (VB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (holding that "[p]rotection against the possibility of future adverse impact on employment does not overcome the presumption of public access.")

Defendants argue that the proposed settlement agreement contains language requiring the entire court file of the case to be sealed.  (DE 36-2; DE 36-3.)  Simply because parties to a litigation agree the file should be sealed does not make it so.  Sealing is not deemed necessary by virtue of the litigants

entering into a confidentiality agreement.  *See Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 Civ. 698(RJS)., 2010 WL 3958791, at *3 (S.D.N.Y. Sep. 23, 2010) (finding that defendant's argument that disclosure of the subject documents was inconsistent with and undermined the parties' confidentiality agreement, did not establish sealing was necessary).  The mere existence of a confidentiality agreement entered into between the parties, does not weigh against the presumption of public access to the documents.  *See Doscher*, at *3 ("the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access") (citation omitted). Accordingly, the fact that the parties together anticipated or contemplated that the file would be sealed is unpersuasive.

Finally, the Court notes that Defendants did not seek leave to seal the record until almost one year after this action was commenced.  Failure to take prompt action in requesting that public documents be sealed may, alone, be a justifiable reason to deny a motion to seal.  *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (citing *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019).  In this regard, the Court notes that current counsel for Defendants only substituted in for Defendants on July 30, 2021 (DE 38; DE 29).  However, it is beyond cavil that incoming counsel inherits a case with all of its previous history.  *See Liberty Mut. Ins. Co. v. RPC Leasing*, No. CV 06-5706(ARR)(JO)., 2007 WL 1593256, at *1 (E.D.N.Y. June 1, 2007) (finding that incoming counsel succeeding another attorney had duty to review the docket and familiarize himself with the obligations he was undertaking).  Thus, Defendants have not overcome the presumption of public access, and the motion to seal is denied.

## <u>CONCLUSION</u>

Based upon the foregoing, the Court does not find a basis to deny public access to "the entire record

of this case."  Defendants' motion to seal the entire record is accordingly denied.

Dated:  Central Islip, New York
        February 14, 2022

**S O  O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge